**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00729-KDB-DCK**

| | |
|---|---|
| **ISAIAH WEA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ELEANOR L. ROSS, ET AL.,**<br><br>**Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on its own motion to address the threshold issue of whether this Court has subject matter jurisdiction. On September 10, 2026, Plaintiff commenced this civil action by filing a Complaint against two United States District Court Judges and the United States of America. The grounds for his claims are, at best, vague. Plaintiff states that the United States "cost me so much financial losses" and complains about the financial distress he has experienced as a consequence of two court cases being dismissed (including the filing fees for those actions). He does not allege a specific claim against any Defendant or state grounds for this Court to exercise jurisdiction.

Pursuant to Federal Rule of Civil Procedure Rule 12(h)(3), the Court may *sua sponte* consider the issue of subject matter jurisdiction at any time. *See* Fed.R.Civ.P. 12(h)(3). When the Court determines "that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.*; *see also Foy v. State Farm Mut. Ins. Co.*, No. 3:20-cv-261KDB-DCK, 2022 WL 135917, at *1 (W.D.N.C. Jan. 14, 2022); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction [ ] may be raised by a party, or by a court on its own initiative, at any stage in the litigation."). Federal Courts' subject-matter jurisdiction is

"limited and [a court] may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Therefore, in the absence of any plausible basis for federal jurisdiction, the Court will dismiss the action.

Further, the Court notes that even if Plaintiff had made specific claims against the Defendant Judges or the United States arising out of his earlier dismissed actions, those claims would be barred by absolute judicial immunity, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), and sovereign immunity.

Finally, in light of Plaintiff's declaration of financial hardship, the Court will generously (and for this case only) direct the Clerk's office to return to Plaintiff the $405 filing fee paid in this action.

**ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Complaint is **DISMISSED;**
2. The Clerk is directed to return to Plaintiff his filing fee of $405 and provide a copy of this Order to the Finance Department to effectuate this payment; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 16, 2026

Kenneth D. Bell
United States District Judge